IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 2:25-CR-366-RMG |
| v. | |
| HASON TATORIAN ("TORY") FIELDS | PLEA AGREEMENT |

### General Provisions

This PLEA AGREEMENT is made this 12 day of June, 2025, between the United States of America, as represented by United States Attorney Bryan P. Stirling, Assistant United States Attorneys Emily Limehouse and Whit Sowards; the Defendant, **HASON TATORIAN "TORY" FIELDS**, and Defendant's attorney, J. Stephen Schmutz.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Counts One through Three of the Indictment now pending, which charges: Conspiracy to Commit Bribery with Respect to Programs Receiving Federal Funds and Honest Services Wire Fraud, a violation of Title 18 U.S.C. § 371 (Count 1); Bribery with Respect to Programs Receiving Federal Funds, a violation of Title 18 U.S.C. §§ 666(a)(2) and (b) and 2 (Count 2); and Honest Services Wire Fraud, a violation of 18 U.S.C. §§ 1343, 1346 and 2 (Count 3).

In order to sustain its burden of proof, the Government is required to prove the following:

### COUNT 1
**Conspiracy to Commit Bribery with Respect to Programs Receiving Federal Funds and Honest Services Wire Fraud, Title 18 U.S.C. Section 371**

1

A. First, that during the timeframe charged in the Indictment, in the District of South Carolina, two or more persons agreed to do something which federal law prohibits, that is, here, commit bribery with respect to programs receiving federal funds and honest services wire fraud as charged in Counts 2 and 3;

B. Second, that the Defendant knew of the conspiracy and willfully joined the conspiracy; and

C. Third, that at some point during the existence of the conspiracy or agreement one of the members of the conspiracy knowingly performed, in the District of South Carolina, at least one of the overt acts charged in the Indictment in order to accomplish the object or purpose of the agreement.

The penalty for this offense is:

A maximum term of imprisonment of five years, fine of $250,000, supervised release for three years, and special assessment of $100.

## COUNT 2
### Bribery with Respect to Programs Receiving Federal Funds
### Title 18, United States Code, Sections 666(a)(2) and (b) and 2

A. First, that the Defendant gave, offered, or agreed to give anything of value to any person;

B. Second, that the Defendant did so with the intent to influence or reward an agent of an organization or of a state or local government or agency that received, in any one year period, benefits in excess of $10,000 under a Federal program involving any form of federal assistance in connection with any business, transaction, or series of transactions of that organization, government, or agency involving anything of value of $5,000 or more; and

C. Third, that the Defendant did so corruptly.

The penalty for this offense is:

A maximum term of imprisonment of ten years, fine of $250,000, supervised release for three years, and special assessment of $100.

## COUNT 3
### Honest Services Wire Fraud
### Title 18, United States Code, Sections 1343, 1346, and 2

A. First, that during the timeframe charged in the Indictment, in the District of South Carolina, there was a fraudulent scheme to deprive another of that person's right to

receive honest services of a public official through bribes or kickbacks supplied by a third party who has not been deceived;

B. Second, that the payor provided a bribe to a public official intending that the official would thereby take favorable official acts or omissions that the official would not otherwise take; and

C. Third, that the official accepted the bribe intending, in exchange, to take official acts or omissions to benefit the payor.

The penalty for this offense is:

A maximum term of imprisonment of twenty years, fine of $250,000, supervised release for three years, and special assessment of $100.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m), and 2259(b)(2).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

   A. Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which she/he is

       convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

   B.   Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his/her scheme or pattern of criminal activity, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

   C.   Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572

3. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails

4

to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his/her plea of guilty to the offense(s) enumerated herein.

## Cooperation and Forfeiture

4. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which she/he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

   A. the Defendant will not be permitted to withdraw his/her plea of guilty to the offenses described above;

   B. all additional charges known to the Government may be filed in the appropriate district;

    C.    the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

    D.    the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

5.    The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his/her refusal to take or his/her failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

6.    The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the United States Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

    A.    known to the Government prior to the date of this Agreement;

    B.    concerning the existence of prior convictions and sentences;

    C.    in a prosecution for perjury or giving a false statement; or

    D.    in the event the Defendant breaches any of the terms of the Plea Agreement; or

    E.    used to rebut any evidence or arguments offered by or on behalf of the Defendant (including arguments made or issues raised *sua sponte* by the District Court) at any stage of the criminal prosecution (including bail, trial, and sentencing).

7. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Commission Guidelines § 5K1.1, 18, U.S.C., § 3553(e) or Federal Rule of Criminal Procedure 35(b). Any such motion by the Government is not binding upon the Court, and should the Court deny the motion, the Defendant will have no right to withdraw his/her plea.

8. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. Specifically, the Defendant agrees to voluntarily surrender, and not contest the forfeiture of property identified in the Indictment, and any forfeiture Bill of Particulars, and the following:

Cash Proceeds/ Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in this Indictment, and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to his violation of 18 U.S.C. §§ 371, 666 and 1343.

With regard to each and every asset listed in the Indictment or seized in a related investigation, administrative, state, or local action, the Defendant stipulates and agrees:

> The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.
>
> To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.
>
> That the Defendant has or had a possessory interest or other legal interest in each item or property.
>
> To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this plea agreement, as criminal proceeds or substitute property.
>
> The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.
>
> Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.
>
> If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

12. The parties hereby agree that this Plea Agreement, together with any written provisions disclosed during the Rule 11 plea hearing in accordance with Fed. R. Crim. P. 11(c)(2), contain the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the Court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

[SIGNATURE PAGE TO FOLLOW]

June 11-2025
Date

HASON TATORIAN "TORY" FIELDS
DEFENDANT

June 11-2025
Date

J. Stephen Schmutz
ATTORNEY FOR THE DEFENDANT

BRYAN P. STIRLING
UNITED STATES ATTORNEY

6/12/2025
Date

Emily Evans Limehouse (#12300)
Assistant United States Attorney

6/12/2025
Date

Whit Sowards (#11844)
Assistant United States Attorney

12